**FILED**

**May 4, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 2:30 P.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Tracy Payne | ) Docket No. 2014-01-0023 |
| | ) |
| v. | ) State File No. 60880-2014 |
| | ) |
| D and D Electric, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas Wyatt, Judge | ) |

---

**Reversed and Remanded – Filed May 4, 2016**

---

In this second interlocutory appeal, the employer appeals an order of the trial court denying its motion for summary judgment. In the first interlocutory appeal, we affirmed an order awarding medical benefits. Following the employee's examination by a physician selected from a panel, the physician opined that the employee had a pre-existing condition that was aggravated by the employee's work accident, but the physician did not opine whether the aggravation arose primarily from the work accident. The employee filed a second request for an expedited hearing, seeking temporary disability benefits and additional medical benefits. Following the second expedited hearing, the trial court denied relief, finding the employee failed to establish that his injury arose primarily out of and in the course and scope of the employment. Thereafter, the employer filed a motion for summary judgment, asserting the employee failed to establish by expert medical proof that his injury or aggravation arose primarily out of the employment. The trial court denied the motion, concluding the medical opinion relied upon by the employer created a factual issue for trial. The employer has appealed. Having carefully reviewed the record, we reverse the trial court and remand the case for entry of an order granting summary judgment and dismissing the case.

1

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Blair Cannon, Atlanta, Georgia, for the employer-appellant, D and D Electric

Tracy Payne, Ringgold, Georgia, employee-appellee, pro se

## Factual and Procedural Background

Tracy Payne ("Employee") was employed by D and D Electric ("Employer") on August 1, 2014, when he allegedly slipped or stepped off a stair while carrying a bag of tools in the course and scope of his work. He felt a pop as his left foot landed on the next step and experienced immediate pain. Two days later, he sought medical care in the emergency department at Memorial Hospital in Chattanooga where he was fitted with a walking boot and provided crutches. Three days after his initial emergency room visit, he presented to the emergency department at Hamilton Medical Center in Dalton, Georgia, with a high fever, nausea, and pain and swelling in his left foot. He gave a history of having sustained a left foot injury at work six days earlier when his foot slipped off a stair, causing him to slam down hard on the step below. Employee was admitted to Hamilton Medical Center and remained hospitalized for seven days, during which time he underwent surgery on his left foot. Medical records from Hamilton Medical Center indicate the surgeon suspected poorly-controlled diabetes and underlying osteomyelitis had damaged Employee's left foot, which the surgeon described as having the appearance of a "Charcot foot."[1]

Employer denied Employee's claim for workers' compensation benefits based upon Employee's failure to produce medical evidence indicating that he suffered an injury as a result of his employment. Following an expedited hearing, the trial court issued an order for medical benefits, but denied temporary disability benefits. Both parties appealed, and we affirmed the trial court. Employer subsequently provided a panel of physicians, and on January 22, 2015, Employee was seen by the selected physician, Dr. John Chrostowski.

Dr. Chrostowski's records state that, among other conditions, Employee had "a Charcot foot, neuropathic foot, that is in the collapsed phase of Charcot." Addressing causation, the report states that "[i]t is likely that this was a pre-existing condition that was aggravated by the patient's work injury. It is not likely that the work injury created the whole problem." Employer denied further benefits, resulting in Employee's filing a second request for an expedited hearing. On March 11, 2015, the trial court issued an

---

[1] "The diabetic Charcot foot syndrome is a serious and potentially limb-threatening lower-extremity complication of diabetes . . . characterized by varying degrees of bone and joint disorganization secondary to underlying neuropathy, trauma, and perturbations of bone metabolism." American Diabetes Association and the American Podiatric Medical Association, *Diabetes Care* 34:2123-2129 (2011).

order denying the requested relief "on the grounds of compensability," finding Employee did not establish by expert medical proof that his left foot condition arose primarily out of and in the course and scope of the employment. Employee did not appeal the March 11, 2015 order.

On January 26, 2016, Employer filed a motion for summary judgment contending it was entitled to a judgment as a matter of law because Employee failed to submit evidence that would establish he suffered an injury or aggravation arising primarily out of and occurring in the course and scope of the employment. Following a hearing, the trial court denied the motion, determining that, while Employee had not yet presented evidence of the compensability of his claim, a "genuine issue of material fact exists" concerning the causation opinion relied upon by Employer. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute. However, a "trial court's resolution of a motion for summary judgment is a conclusion of law, which we review *de novo* on appeal, according no deference to the trial court's decision." *Estate of Boote v. Roberts*, No. M2012-00865-COA-R3-CV, 2013 Tenn. App. LEXIS 222, at *24 (Tenn. Ct. App. Mar. 28, 2013).

## Analysis

Motions for summary judgment are governed by Tennessee Code Annotated section 20-16-101 (2015) and Tennessee Rule of Civil Procedure 56. Rule 56.03 requires that a motion for summary judgment "be accompanied by a separate concise statement of

the material facts as to which the moving party contends there is no genuine issue for trial." Further, "[e]ach fact shall be set forth in a separate numbered paragraph," and "[e]ach fact shall be supported by a specific citation to the record." Tenn. R. Civ. P. 56.03. In response, "[a]ny party opposing the motion for summary judgment must . . . file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed." *Id.* As with the facts in the movant's statement of material facts, "[e]ach disputed fact" asserted in response to the motion "must be supported by specific citation to the record." *Id.*

Rule 56.06 provides that if a motion for summary judgment is properly made and supported, "an adverse party may not rest on mere allegations or denials of the adverse party's pleadings, but his or her response, by affidavits or as otherwise provided in [the] rule, must set forth specific facts showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. Moreover, "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." *Id.* Aside from Rule 56, in 2011, the Tennessee General Assembly codified the burden of proof applicable to a motion for summary judgment filed by a party who does not bear the burden of proof at trial as follows:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (2015).

In the case under review, the trial court correctly concluded that "[t]he medical records [Employee] submitted do not contain an expert medical opinion that his left-foot injury arose primarily out of and in the course and scope of employment." However, the trial court also concluded that "because Dr. Chrostowski's causation opinion does not apportion specific percentages of the entire causation of [Employee's] left-foot condition between the work injury and [Employee's] pre-existing conditions, . . . a genuine issue of material fact exists on this crucial point." According to the trial court, "[a]s such, [Dr. Chrostowski's] opinion does not negate an essential element of [Employee's] claim, and, thus, [Employer is] not entitled to summary judgment under the first prong of section 20-16-101." While we agree that Employer has not submitted affirmative evidence that

4

negates an essential element of Employee's claim, that determination does not end the inquiry.

As noted above, section 20-16-101 provides that the moving party who does not bear the burden of proof at trial "shall prevail on its motion for summary judgment" if the party "[d]emonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Tenn. Code Ann. § 20-16-101(2) (2015). Employer does not bear the burden at trial of disproving an injury arising primarily out of the employment. It is Employee's burden to prove each and every element of the claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2015). Employer accompanied its motion for summary judgment with a statement of the facts it asserted to be material and undisputed, which were presented in separate, numbered paragraphs as required by Rule 56.03. Employer's motion demonstrated that Employee's medical evidence was insufficient to establish that Employee's injury or aggravation arose primarily out of and in the course and scope of the employment as required by section 50-6-102(14) (2015). Indeed, as a result of the second expedited hearing, the trial court specifically found that Employee "failed to present an expert medical opinion that established work-relatedness of his claimed injury."

None of the more than 300 pages of documents Employee submitted in opposition to Employer's motion included a medical opinion stating, suggesting, or implying that Employee's left foot condition or the aggravation of his pre-existing condition arose primarily out of and in the course and scope of the employment. Moreover, the documentation Employee submitted did not meet the requirements of Rule 56 in that Employee did not file a response to any of the facts set forth by Employer in its statement of undisputed material facts. Employee failed to "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). Prior to *Rye*, trial and appellate courts were required to assume that the nonmoving party faced with a motion for summary judgment might, by the time of trial, produce evidence to support the nonmoving party's claim. *See Rye*, 477 S.W.3d at 261. However, with the passage of Tennessee Code Annotated section 20-16-101 and the reexamination of the summary judgment standard in *Rye*, the burden falls to the nonmoving party to produce evidence to establish the essential elements of the nonmoving party's claim in response to the motion for summary judgment. "The focus is on the evidence the nonmoving party comes forward with *at the summary judgment stage*, not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Id.* at 265 (emphasis added). Thus, in this case, the trial court erred in determining that Dr. Chrostowski's failure to apportion causation "presents a genuine issue of material fact." The fact that Employee may obtain an opinion from Dr. Chrostowski, or any other physician, apportioning a greater percentage of causation to the work incident

than to Employee's pre-existing condition is of no consequence if such opinion is not presented at the summary judgment stage.

We are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party. *Martin v. Norfolk S. Ry Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). Having carefully reviewed and considered the evidence in the light most favorable to Employee, we conclude that Employer demonstrated that Employee's evidence is insufficient at the summary judgment stage to establish an injury or aggravation "arising primarily out of and in the course and scope of the employment" as is required for Employee to prevail at trial. *See Rye*, 477 S.W.3d at 265.

## Conclusion

For the foregoing reasons, we reverse the trial court's denial of Employer's motion for summary judgment. We remand the case with instructions that the trial court enter an order granting Employer's motion for summary judgment and dismissing Employee's claim on the merits.

**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**

6





## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Tracy Payne | ) | Docket No. 2014-01-0023 |
| | ) | |
| v. | ) | |
| | ) | State File No. 60880-2014 |
| D and D Electric, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 4th day of May, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Tracy Payne | | | | | X | tracypayne@bellsouth.net |
| Blair Cannon | | | | | X | blair.cannon@thehartford.com |
| Thomas Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov